# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIRENDER SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-26-692-JD |
| | ) |
| FACILITY ADMINISTRATOR OF | ) |
| CIMARRON CORRECTIONAL | ) |
| FACILITY, et al.,[1] | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Virender Singh, a noncitizen,[2] seeks a writ of habeas corpus

under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Jodi W. Dishman

---

[1] The Court substitutes Department of Homeland Security (DHS) Secretary Markwayne Mullin for former Secretary Noem as a named Respondent. Fed. R. Civ. P. 25(d). Todd Blanche is the acting Attorney General, and the Court substitutes him for former Attorney General Pam Bondi as a named Respondent. Robert Cerna is the Acting Director of the Dallas Field Office, Immigration and Customs Enforcement (ICE), replacing Norman Parrish as a named Respondent. Respondent Warden of Cimarron Correctional Facility is a not federal official, and the Government has not filed the response on the Warden's behalf. *See* Doc. 10, at 8 n.4.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 10, and Petitioner replied, Doc 11. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition and order his immediate release.

## I.      Factual background and procedural history.

Petitioner is a citizen of India who entered the United States on March 31, 2023. Doc. 1, at 2, 14; Doc. 10, Ex. 1. On April 2, 2023, DHS issued Petitioner a Notice to Appear (NTA) alleging he was subject to removal under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] Doc. 10, Ex. 2. That same day, ICE released Petitioner from the border into the United States on his own recognizance. Doc. 1, at 2, 14.[5] His only condition of release was to check-in with ICE as ordered. *Id*. He did so over a twenty-two-month span. *Id*.

---

[4]     Codified at 8 U.S.C. § 1182(a)(6)(A)(i), this applies to an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. An NTA acts as "a charging document" informing the noncitizen of "the specific charges against him and outlin[ing] their legal and factual basis." *Dragomirescu v. U.S. Att'y Gen.*, 44 F.4th 1351, 1354 (11th Cir. 2022) (citing 8 U.S.C. § 1229a).

[5]     Release on conditional parole "provides a mechanism whereby an alien may be released pending the determination of removal, as long as []he is not a 'danger to persons or property' and 'is likely to appear for any further proceeding.'" *Delgado-Sobalvarro v. Att'y Gen. of U.S.*, 625 F.3d 782, 787 (3d

On May 10, 2023, Petitioner filed an application for asylum which is still pending. *Id.*; Doc. 10, Ex. 3.[6] He has no criminal history and has a valid work permit. Doc. 1, at 6, 14. Petitioner complied with all reporting requirements during his release and held stable employment and a consistent address. *Id.* at 14, 15.

On December 15, 2025, while working as a commercial truck driver, Oklahoma Highway Patrol authorities detained him and transferred him to ICE custody. *Id.* at 3, 15; Doc. 10, Exs. 4, 5. Authorities did not charge him with any unlawful conduct. On December 16, 2025, ICE generated an I-213 form stating DHS had previously charged Petitioner as a noncitizen present without admission or parole. Doc. 10, Ex. 4. ICE then served Petitioner with a Form I-200 arrest warrant. *Id.* Ex. 5. Petitioner remains in ICE custody at the Cimarron Correctional Facility. Doc. 10, at 14-15.

## II.    Petitioner's claims.

Petitioner raises six grounds for relief:

Ground One: his unlawful detention violates his substantive due process rights under the Fifth Amendment;

---

Cir. 2010) (quoting *Matter of Castillo-Padilla*, 25 I&N Dec. 257, 261 (BIA 2010)).

[6]    Petitioner has a hearing scheduled for June 29, 2026. Doc. 10, Ex. 6.

Ground Two: his unlawful detention violates his procedural due process rights under the Fifth Amendment;

Ground Three: DHS acted arbitrarily and capriciously in detaining him and depriving him of a reasoned custody determination;

Ground Four: DHS violated his Equal Protection rights under the Fifth Amendment by failing to grant him a bond hearing like other similarly situated noncitizens placed in standard removal proceedings;

Ground Five: violation of the Fifth Amendment's Suspension Clause; and

Ground Six: ICE violated its own regulations by failing to comply with the standards for a warrantless arrest under 8 C.F.R. § 287.8(c)(2)(i)-(ii).

Doc. 1, at 16-25. He seeks a prohibition on his transfer;[7] his immediate release; a declaration that his detention is unlawful and violates the Fifth Amendment; and a prohibition on his re-detention unless he has a hearing before a neutral decision-maker where the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community. *Id.* at 24-25. He also seeks attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(2). *Id.* at 25.

---

[7]   The Court addressed Petitioner's transfer request in its Order for Response, Doc. 8.

4

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Discussion.

### A.    8 U.S.C. § 1226 governs Petitioner's detention.

Petitioner asserts that Respondents violated his due process rights when ICE detained him without notice, an opportunity to be heard, a warrant, or a finding he posed a flight risk or danger. Doc. 1, at 3, 14-15 ("There was no change in Petitioner's circumstances that would have made him a greater flight risk or danger since his original release."). Respondents assert Petitioner is an applicant for admission under 8 U.S.C. § 1225 because he is present in the United States without having been admitted. Doc. 10, at 10-15, 18-19. They argue he is subject to mandatory detention under § 1225(b)(2)(A) and "due

5

process does not require his release" or a bond hearing. *Id*. at 11-12, 17, 24 ("Here, the only procedural rights that Petitioner has is what § 1225 affords."). Petitioner replies that he is not an applicant for admission or seeking admission under § 1225(b). Doc. 11, at 1-3. He points out that this Court has concluded that a noncitizen who entered the country, was released from custody, and was later re-detained while removal proceedings were pending was not subject to mandatory detention under § 1225(b)(2)(A). *Id*. at 2 (citing *Malacidze v. Noem*, No. CIV-25-1527-D[, 2026 WL 227155, at *3] (W.D. Okla. Jan. 28, 2026)).

This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are not subject to mandatory detention under § 1225. *See, e.g.*, *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3-7 W.D. Okla. Jan. 20, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026) (collecting cases in this judicial district concluding that § 1225(b)(2) does not govern the petitioner's detention).

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not effected an entry into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176,

at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at *3 (D.N.M. Nov. 14, 2025)). Petitioner entered the country over three years ago when Respondents released him on his own recognizance; so he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1, (W.D. Okla. May 5, 2026) ("This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation." (citing *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases))); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border.") (internal quotation marks and alterations omitted).[8] As well as determining that if "all 'applicants for admission' are also

---

[8]    *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same).

'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) ("The text of § 1225(b)(2)(A) is clear that mandatory detention applies only to a narrower category of applicants for admission: those seeking lawful entry into the United States."); *Cunha v. Freden,* 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text.").[9]

---

[9]    A split panel of the Seventh Circuit could not reach a majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026). One judge rejected the government's approach, and another adopted it, while the third judge concluded there was no basis to reach the issue. *Id*. at **21, 27, 38. *See also Avila v. Bondi*, 170 F.4th 1128, 1134-35 (8th Cir. 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

Respondents briefly suggest the Court should reconsider because Petitioner has sought a form of admission by applying for asylum. Doc. 10, at 15-16. But the Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze*, 2026 WL 227155, at *3 (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez*, 2026 WL 1243395, at *21 ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs before a § 1229a proceeding even commences.").

When Petitioner was detained after residing in the country for over two years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, absent a lawful basis for Petitioner's detention, he was subject to the same conditions Respondents imposed on him when he entered the country and was released on his own recognizance without the need to post a bond under § 1226(a).[10] *See Velasquez Montillo*, 2026 WL 592355, at *7 ("[T]he

---

[10]    In this case, Petitioner arrived and was placed into the "usual removal process" under § 1226 and released on conditional parole. *See, e.g.*, *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *5 (D. Utah Mar. 3, 2026) ("Section 1226 governs 'the usual removal process.' The Section 1226 process starts when

9

initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later switching tracks to subject him to mandatory detention under § 1225(b)(2)." (internal quotation marks and alteration omitted)). "The rule is simple: Sections 1226(a) and 1225(b) cannot be applied simultaneously." *Id.* (internal quotation marks omitted); *see also Cunha*, 2026 WL 1146044, at *2 (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)").

### B. Petitioner is entitled to retain the legal protections Respondents granted to him when they first released him in 2023.

"When the government grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest

---

the government files a Notice to Appear with an immigration court. Section 1226 then lets the government arrest and detain noncitizens or release them on bond or on conditional parole. Release is required if the noncitizen can show they are not a danger and will show up at future hearings. If detention continues, the noncitizen gets a bond hearing before an immigration judge. To be released, noncitizens must show by a preponderance of the evidence that they are not a security threat, not a community danger, and not a flight risk." (internal quotation marks and citations omitted)).

10

in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at *3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects").

Petitioner asserts ICE re-detained him without cause or a warrant. Doc. 1, at 16-17, 23-24; Doc. 11, at 4. He asks the Court to order his immediate release because Respondents have violated his rights and federal law in re-detaining him. Doc. 1, at 24.

Under the INA, "DHS may arrest and detain" noncitizens who are placed in § 1226(a) deportation proceedings "pending a decision on whether [they are] to be removed from the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2022) (citing 8 U.S.C. § 1226(a)). DHS may issue a warrant for the noncitizen's arrest "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed, . . . under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, [a

11

noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").

Generally, the warrant must be issued before the noncitizen's arrest. *See* § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the [noncitizen's] arrest." (quoting § 1226(a))); *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (explaining that §1226 "is not even triggered unless an arrest warrant is issued," and "the subsequent provisions giving the Attorney General discretion to detain or release the arrested [noncitizen] are likewise not triggered" unless the noncitizen has "been arrested on a warrant" (internal quotation marks omitted)).

Without a warrant, federal immigration officers "have more limited authority" to arrest a noncitizen. *Arizona v. United States*, 567 U.S. 387, 408 (2012). In such circumstances, federal immigration officers "may arrest [a non-citizen] for being 'in the United States in violation of any immigration law or regulation'. . . only where the [non-citizen] 'is likely to escape before a warrant can be obtained.'" *Id.* (quoting 8 U.S.C. § 1357(a)(2) (alteration in original omitted)). To conduct a warrantless arrest, federal immigration officers must therefore have an individualized suspicion that the noncitizen to be arrested poses a flight risk. 8 U.S.C. § 1357(a)(2) (empowering federal immigration

12

officials to arrest a noncitizen without a warrant if they "ha[ve] reason to believe that the [noncitizen] so arrested is in the United States in violation of [federal immigration] law . . . and is likely to escape before a warrant can be obtained for [their] arrest"); *accord* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.").

Respondents attach a warrant to their response dated *after* Petitioner was taken into custody.[11] Doc. 10, Ex. 5. They do not offer evidence supporting Petitioner's arrest without a warrant. And they make no argument, other than the application of mandatory detention under § 1225, as to why DHS revoked Petitioner's conditional parole without notice or an opportunity to contest the revocation. As Petitioner points out, he has complied with all conditions of his release and has held steady employment and a consistent address. So he is neither a danger to the community nor a flight risk. The Court should therefore find that Respondents had no statutory authority to arrest and detain Petitioner on December 15, 2025. *Cf. Singh v. Noem*, 2026 WL 766228, at *8

---

[11]    Arrest and detention under § 1226(c) requires a qualifying criminal offense. *See* 8 U.S.C. § 1226(c). Respondents do no assert Petitioner was arrested for a qualifying criminal offense or for any reason other than his ongoing removal proceedings. So § 1226(c) does not apply.

(D.N.M. Mar. 18, 2026) (noting that "revocation by a listed official is a necessary precondition to Petitioner being 'taken into custody and detained'" and finding that no official had "properly revok[ed]" the petitioner's conditional release prior to re-detaining him).

Because Respondents cannot identify any change in Petitioner's circumstances that requires revocation of his conditional release, the undersigned recommends his immediate release back to conditional parole. *See Velasquez Montillo*, 2026 WL 592355, at *8 ("Respondents cannot identify any change in Mr. Velasquez's life that requires revocation of his conditional release. Mr. Velasquez must be released."); *see also Singh*, 2026 WL 766228, at *9 (finding the petitioner was entitled to the due process procedural protections Congress had authorized under the INA).

As another court in this Circuit has concluded,

> [a] bond hearing, which Petitioner is entitled to regardless, cannot cure the fact that he is detained while his conditional parole is still ongoing because it has not been properly terminated. Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated. The Court does not see how ordering another bond hearing would remedy a wrong that has been ongoing since the outset of Petitioner's re-detention.

*Singh*, 2026 WL 766228, at *10. This view is shared by numerous courts in this Circuit. *See Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2

14

(W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at \*13 (D. Utah Mar. 5, 2026) (concluding immediate release was appropriate after petitioner had been ordered released on her own recognizance in September 2023); *Velasquez Montillo*, 2026 WL 592355, at \*10 (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Murzi v. Noem*, 2026 WL 395111, at \*2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition and **order his immediate release. The undersigned also recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Cimarron Correctional Facility. Finally, the Court should order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Government

15

bears the burden of proving, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.[12]

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 27, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[13] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

---

[12] The Court finds that it need not reach Petitioner's remaining arguments. As to Petitioner's request for EAJA fees, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention").

[13] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 22nd day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

17