**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VIRENDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR OF CIMARRON CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-00692-JD |

**ORDER**

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 12] recommending that the Court grant Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and order Petitioner's immediate release. The Court has reviewed the Petition [Doc. No. 1], Respondents' Response [Doc. No. 10], Petitioner's Reply [Doc. No. 11],[1] the R. & R., Respondents' Objection [Doc. No. 13], and the applicable law. For the reasons explained below, the Court adopts the R. & R. to the extent consistent with this Order and grants the Petition in part.

At the time the R. & R. was issued, the Tenth Circuit had not yet addressed the precise statutory question presented here. Respondents' Objection likewise predated the Tenth Circuit's subsequent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

---

[1] Petitioner requests that the Court grant his petition and seeks a bond hearing as alternative relief.

This intervening decision materially resolves the principal legal issue raised here, and this lower court is bound to apply Tenth Circuit precedent. In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 4th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE